UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOFIZ SHAPON, *et al.*, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-4107 |
| | § | |
| S&Y ENTERPRISES, INC. *et al.*, | § | |
| | § | |
|    *Defendants*. | § | |

## ORDER

Pending before the court is defendant Dean A. Manson's motion for summary judgment pursuant to Rule 56. Dkt. 18. Upon considering the parties' arguments, the valid summary judgment evidence, and the applicable law, the defendant's motion for summary judgment is DENIED.

## BACKGROUND

This is a suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for unpaid overtime. Manson contends that he is not a proper party to the suit because he is not an employer for the purposes of the FLSA. He alleges that he is has no knowledge of the plaintiffs' employment. Dkt. 14. Defendant Manson originally filed a motion to dismiss pursuant to Rule 12(b)(6). Dkt. 14. In their response to Manson's motion to dismiss, the plaintiffs submitted evidence that Manson is a principal of S&Y Enterprises, Inc and is therefore a proper party. Dkt. 16. In order to permit consideration of matters extraneous to the pleading, the court converted Manson's 12(b)(6) motion to a motion for summary judgment, allowing an additional 10 days for supplemental briefing. Dkt. 18. No party supplemented its briefing or the record. The court now reviews Manson's contention that he is not an employer as defined by FLSA under a summary judgment standard.

## STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Vill., L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "a material fact" if its resolution could affect the outcome of the action. *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 255 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to summary judgment and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323-25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the

non-movant. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163-64 (5th Cir. 2006). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence, disregard all evidence favorable to the moving party that the jury is not required to believe, and give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 993 (5th Cir. 2005). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). The moving party will not meet its burden of proof based solely on "argument in a brief or facts alleged in the complaint." *Depriest v. River W., LP,* 187 Fed. Appx. 403, 406 (5th Cir. 2006).

## ANALYSIS

An FLSA claim requires an employer/employee relationship. FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit has held that the definition of "employer" is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the employer's corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

The evidence presented by the plaintiffs indicates that Manson is a self-admitted employer. In an email to plaintiffs, Manson refers to himself as a principal of S&Y Enterprises. Additionally, he states: "I am principal in S&Y Enterprises, Inc., the owner of BBQ Tonight in Houston, Texas, and as such I have received a copy of your letter dated August 22, 2007." Dkt. 8, Ex.B. Manson also wrote:

3

> "Mr. Shapon was the Culinary Manager and as such was in total control of the food output of the restaurant, as well [as] purchasing, storage, and every other aspect of food preparation and storage. Mr. Shapon was paid a salary; there never was an anticipation of overtime since he was clearly in a management position."

*Id.* Manson concludes by stating that S&Y Enterprise's preference is to mediate the dispute in Harris County. The email demonstrates Manson's knowledge regarding the job responsibilities of at least one of the plaintiffs and Mason's ability to speak on behalf of S&Y Enterprise. Manson's statements satisfy the Fifth Circuit's broad definition of employer.

Manson offers only his personal assertion that he is not an employer. He has presented no other evidence to the court to counter the plaintiffs' allegation that he qualifies as an employer under FLSA. As the moving party, Manson bears the burden to demonstrate that he is not an employer, as defined by FLSA. He has failed to meet this burden by not producing evidence beyond his personal assertions. Therefore, summary judgment for the defendant would be inappropriate. Accordingly, the defendant's motion for summary judgment is DENIED.

## CONCLUSION

Pending before the court is defendant Dean A. Manson's motion for summary judgment. Dkt. 14. For the foregoing reasons, Manson's motion is DENIED.

Signed at Houston, Texas on August 11, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY